Paul L. SIDARI, et al., Plaintiffs,

v.

ORLEANS COUNTY, et al., Defendants.

No. 95CV7250.

United States District Court, W.D. New York.

June 14, 2000.

Emmelyn Logan–Baldwin, Rochester, NY, for Paul L. Sidari, Chris Deen Sidari.

Robert A. Doren, Bond, Schoeneck & King, LLP, Buffalo, NY, for Orleans County, Sheriff's Dept. of Orleans County, David M. Green, Richard Metz.

Josephine A. Greco, Offerman, Cassano, Greco & Slisz, Buffalo, NY, for Charles Dingman, Sue Emerson.

Mark R. Uba, Connors & Vilardo, Buffalo, NY, for John W. Walsh, III.

Harriet L. Zunno, Hilton, NY, for Norvin Lee Fowlks.

## DECISION and ORDER

SIRAGUSA, District Judge.

Now before the Court are plaintiffs' objections to a Decision & Order and Report and Recommendation [# 199] of the Honorable Hugh B. Scott, United States Magistrate Judge. For the reasons that follow, that Decision and Order is affirmed in part and modified in part.

### BACKGROUND

The facts of this case have been set forth in several prior decisions of this Court, familiarity with which is presumed. It is sufficient here to note that this is an action in which plaintiff Paul Sidari[1] is suing pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983, and New York State law, claiming that he was discriminated against in his employment because of his national origin and religion, and that he suffered retaliation when he complained. Plaintiff's Amended Complaint [# 62] recites various discriminatory and retaliatory acts which defendants allegedly took against him. However, although he is not seeking to pursue a class action, plaintiff's Amended Complaint also repeatedly states that he is seeking to enforce not only his own claims, but also the claims of "other persons similarly situated." (*See, e.g.,* Amended Complaint [# 62], ¶ 12). Under the heading "Statement of the Case," the complaint states: "This is a proceeding to enforce the rights of the plaintiff Paul L. Sidari and other persons similarly situated to equal employ-

ment opportunities, to their rights as employees and to their civil rights as citizens of the United States." (*Id.*). With regard to his claim for hostile working environment, the Amended Complaint states:

> Throughout his employment, defendants have constantly subjected plaintiff [Paul Sidari] to a hostile working environment. Plaintiff has been forced to observe the systematic mistreatment of other employees and prisoners because of their race, national origin, religion, sex and/or because they have complained of discrimination /retaliation /violation of civil rights.

(*Id.,* ¶ 16) (emphasis added). The complaint then details various discriminatory acts which defendants allegedly took against certain Hispanic and African-American inmates on the basis of their race, in plaintiff's presence. (*Id.,* ¶¶ 17–23). In addition to other relief, the complaint requests an injunction restraining defendants from "[a]busing inmates because of their race and national origin." (*Id.,* ¶ 13(c)).

Defendants moved [# 55][# 58] to strike those portions of the Amended Complaint which referred to discrimination against inmates and other employees, as well as unnamed "other persons similarly situated," on the grounds that plaintiff lacked standing to assert such claims on behalf of other persons. Plaintiff opposed these motions [# 73][# 74] on the grounds, *inter alia,* that he had the right to a "non-hostile work environment," and that the "environment which … exists in the Orleans County Jail/Sheriff's Department—one of constant abuse of employees and inmates alike because of their national origin, religion, race and/or sex—is by definition a hostile environment." (Plaintiff's Affirma-

1. Chris Deen Sidari, Paul Sidari's wife, is also a plaintiff in this action. However, her claim for loss of consortium is not at issue in this Decision and Order, and accordingly, references herein to "plaintiff" refer only to Paul Sidari.

tion [# 74], ¶ 12). In a Memorandum & Order and Report and Recommendation [# 137] filed on April 29, 1996, Magistrate Judge Scott granted defendants' motions to strike, noting that

the applicable case law requires the conclusion that a white male corrections officer lacks standing to maintain a claim of discrimination under Title VII based on conduct by other whites against blacks or inmates. To have standing under Title VII, the plaintiff must be "a person claiming to be aggrieved...." 42 U.S.C. § 2000e–5. While plaintiff may be aggrieved of discrimination on the basis of his religion and national origin, he cannot, and does not, claim to be aggrieved of discrimination for being a black inmate.

In the instant case, it is clear from the Amended Complaint, plaintiffs' papers in opposition to the instant motion and from counsel's oral argument, that plaintiff's allegations regarding racial discrimination and the improper treatment of inmates are asserted to present independent constitutional claims and not as a basis to establish that plaintiff has been discriminated against because he is Italian or Catholic.... Plaintiff cannot prove his claims of being discriminated [against] on the basis of his religion or national origin by establishing that someone else was discriminated against on the grounds of race or inmate status. In essence, although plaintiff sets forth wide-ranging allegations regarding various types of discrimination, plaintiff can only recover under the civil rights laws if **his** constitutional rights are violated.

(Memorandum & Order [# 137], p. 14). Judge Scott concluded that "it is appropriate to strike those allegations which relate to claims that cannot be maintained by plaintiff," and he directed that the Amended Complaint be redacted to remove references to claims asserted on behalf of "other persons similarly situated" as well as the allegations concerning alleged discrimination against minority jail inmates. (*Id.,* pp. 16–17). Plaintiff filed objections [# 139] to the Memorandum & Order and Report & Recommendation, however by Order [# 162] filed on August 26, 1996, the Honorable Richard J. Arcara, United States District Judge, overruled plaintiff's objections and adopted Magistrate Judge Scott's Report and Recommendation in its entirety.

Approximately sixteen months later, on December 23, 1997, plaintiff filed a motion [# 177] for partial summary judgment, for leave to file a "supplemental complaint," and for reconsideration of the portion of the Decision & Order and Report & Recommendation [# 137] which struck the aforementioned provisions from the Amended Complaint. The Court pauses here to clarify that this is the same Report & Recommendation to which plaintiff had already objected and which Judge Arcara had adopted. Plaintiff alleged that the ruling should be reconsidered because there was "new, persuasive authority that these claims are properly before the court in this action." (Motion for Reconsideration [# 177], ¶ 8). The "new authority" relied upon by plaintiff was *Childress v. City of Richmond,* 120 F.3d 476 (4th Cir. 1997), which held, *inter alia,* that white male police officers had standing to pursue a hostile work environment claim as a result of discrimination directed at African–American and female co-workers, even though the white officers themselves had not been discriminated against. With regard to the motion to file a supplemental complaint, plaintiff stated that he wished to file the supplemental complaint because he had "been subjected to ongoing incidents of discrimination/retaliation." (Notice of Motion [# 177] ). However, the proposed supplemental complaint went far

beyond reciting additional acts of discrimination perpetrated by the originally-named defendants since the commencement of the action. Rather, the proposed "supplemental complaint" added five new defendants, including the Orleans County Sheriff's Employees Association Local 2966 AFSCME Council 82 as well as its past and present Presidents, alleging that they had discriminated against him in violation of Title VII, had failed to provide proper union representation, and had refused to cooperate with plaintiff's attorney. The only mention of plaintiff's union in the prior complaint was that plaintiff had complained to his union officials about discrimination, that the union president has written a letter to the Orleans County Sheriff, and that as a result, the Sheriff had issued an internal order barring ethnic remarks. (Amended Complaint [# 62], ¶ 58). Continuing on, the proposed supplemental complaint again stated that plaintiff was seeking to enforce his rights as well as the rights of "other persons similarly situated." (Motion [# 177], Proposed Supplemental Complaint, ¶¶ 18, 19, 20). The proposed complaint also added a claim that defendants had denied plaintiff "his right to work in a diverse environment by excluding and/or limiting the employment of persons by race, national origin, disability or sex" (*Id.*, ¶ 23), and contained new claims for defamation against defendant Walsh and two union officials. (*Id.*, ¶¶ 160–63). The prior complaint only alleged defamation as against Green and Dingman. (Amended Complaint [# 62], ¶¶ 139–42). With regard to the motion for partial summary judgment, plaintiff sought partial summary judgment on his hostile work environment claim, on the grounds that defendant John Walsh had been convicted of violating the civil rights of one of the African–American inmates mentioned in plaintiffs' complaint.

By a Decision & Order and Report & Recommendation [# 199] entered on March 19, 1998, Magistrate Judge Scott denied plaintiff's motions for reconsideration and for leave to supplement the amend the complaint, and recommended that the motion for partial summary judgment also be denied. With regard to the motion for reconsideration, Magistrate Judge Scott noted that the *Childress* case cited by plaintiff was "neither new nor persuasive," since it had been vacated three months prior to plaintiff's motion. (Decision & Order [# 199], p. 2) (*citing, Childress v. City of Richmond, Va.*, 134 F.3d 1205, 1998 WL 12558 (4th Cir.1998)). With regard to the motion to supplement the complaint, Magistrate Judge Scott gave several reasons for denying the motion. Specifically, the Decision & Order noted that some of the proposed "new claims" had already been dismissed, and that all but one of the proposed new defendants had also been named in an action pending before United States District Judge John T. Elfvin, in which the Sidaris were plaintiffs, raising "many, if not all, of the newly proposed claims." The Decision & Order further found that some of the proposed new claims, such as the new defamation and union representation claims, were unrelated to the claims already pending, and that plaintiffs had not exhausted their administrative remedies as against the persons whom they sought to add as Title VII defendants. (*Id.*, pp. 6–7). Magistrate Judge Scott further found that defendants would be prejudiced by the filing of a supplemental complaint, because the motion was untimely and significant discovery had already been completed. Judge Scott apparently found that significant additional discovery as to the proposed new claims and defendants would be particularly prejudicial to defendants, in light of the "long, somewhat torturous period" of discovery that had already taken

place. (*Id.*, p. 6). Magistrate Judge Scott also denied the motion for partial summary judgment, finding that plaintiff had not complied with Local Rule of Civil Procedure 56, that the motion was premature inasmuch as defendant Walsh was appealing his criminal convictions, and finally, that plaintiff had "not articulated how any of the issues resolved in the case against Walsh are relevant and material to the instant action." (*Id.*, pp. 8–9).

Plaintiff filed objections [# 203][2], objecting only to those portions of the Decision & Order which denied the motions to file a supplemental complaint and for reconsideration. Plaintiff contends that the motion to file a supplemental complaint was improperly denied, *inter alia*, because the motion was timely, because plaintiffs did not need to exhaust their administrative remedies as against the proposed new defendants, and because, contrary to Magistrate Judge Scott's finding, discovery in the case was not almost completed. Plaintiff alleges that the motion for reconsideration was also improperly denied, since certain allegations stricken from the complaint were relevant to his hostile work environment claim. Defendants, as well as the non-defendants whom plaintiff sought to add as parties, filed papers in opposition to plaintiff's objections [# 205] [# 206] [# 207] [# 208]. The Court has thoroughly reviewed the parties' submissions.

### ANALYSIS

At the outset, the Court notes that plaintiff has raised no objection to the Report and Recommendation that the motion for partial summary judgment be de-

nied. Accordingly, that Report and Recommendation is affirmed and adopted.

Plaintiff's objections herein are to those portions of Magistrate Judge Scott's Decision & Order dealing with non-dispositive pretrial matters. Where such objections are filed, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also,* 28 U.S.C. § 636(b)(1)(A) (providing that a district court judge may reconsider a magistrate judge's determination on a non-dispositive pretrial matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").

With regard to the motion to "supplement" the already amended complaint, the Court finds that Magistrate Judge Scott's Decision & Order was not clearly erroneous or contrary to law. Motions to supplement pleadings are governed by Fed.R.Civ.P. 15(d), which states that "the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Such motions should be freely granted, "[a]bsent undue delay, bad faith, dilatory tactics, [or] undue prejudice to the party to be served with the proposed pleading." *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir.1995). In considering whether a supplemental pleading would prejudice the opposing party, the Court must consider "whether the assertion of the new claim would: (i) require the oppo-

**2.** Document [# 199] is the corrected version of a Decision & Order and Report & Recommendation [# 198] filed two days earlier, on March 17, 1998. Plaintiffs' have captioned their objections as being directed toward both documents, however, document [# 199] is the corrected and operative document, and the Court will not address superseded document [# 198].

nent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). In addition, the proposed supplemental facts must be logically connected to the original pleading. *Quaratino,* 71 F.3d at 66. Applying this well-settled law to the facts of this case, the Court finds that Magistrate Judge Scott's determination was not clearly erroneous or contrary to law. First, the Decision & Order correctly notes that the proposed supplemental amended complaint goes far beyond merely supplementing the complaint with additional instances of discrimination, but rather, seeks to add new parties and completely new claims and legal theories. Judge Scott, although noting that such motions are to be "liberally granted" in general, found that permitting such claims to be raised three years after the action was commenced and after significant discovery had taken place, would have unduly prejudiced the defendants. The Court finds that this determination was neither clearly erroneous nor contrary to law. The Court has also considered plaintiff's other legal arguments on this point, and finds that plaintiff has not demonstrated that Magistrate Judge Scott's ruling with regard to the motion to amend was otherwise clearly erroneous or contrary to law.

Turning to that portion of the Decision & Order which denied the motion to supplement the complaint, it is clear that plaintiff's motion was premised entirely upon the claim that the *Childress* case was "new, persuasive authority" that warrant-

ed reconsideration. However, as Magistrate Judge Scott noted, the *Childress* case was vacated on September 24, 1997, approximately three months before plaintiff filed his motion.[3] Accordingly, since plaintiff's motion was based entirely upon a case which had been vacated, the Decision and Order denying the motion for reconsideration was not clearly erroneous or contrary to law.

■ However, the Court, acting *sua sponte,* finds that the Decision & Order must nonetheless be modified as it pertains to the motion for reconsideration, due to the Second Circuit Court of Appeals' recent decision in *Cruz v. Coach Stores, Inc.,* 202 F.3d 560 (2d Cir.2000). In *Cruz,* the plaintiff, a hispanic woman, alleged a hostile working environment because of racial and sexual harassment. As evidence of her claim, plaintiff produced evidence showing that in addition to harassing her, her supervisor had also made derogatory comments against African–Americans and other women. The court held that:

> Determining whether workplace harassment was severe or pervasive enough to be actionable depends on the totality of the circumstances. Because the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim. Nor must offensive remarks or behavior be directed at individuals who are members of the plaintiff's own protected class. Remarks targeting members of other minorities, for example,

**3.** After the decision cited by plaintiffs was vacated, the Fourth Circuit Court of Appeals issued an *en banc* decision, affirming the District Court's ruling that the white male police officers had no standing to sue for discrimina-
tion directed at female and African–American employees. *Childress v. City of Richmond, Va.,* 134 F.3d 1205 (4th Cir. Jan.15, 1998), *cert denied,* 524 U.S. 927, 118 S.Ct. 2322, 141 L.Ed.2d 696 (1998).

may contribute to the overall hostility of the working environment for a minority employee.

*Cruz*, 202 F.3d at 570 (citations omitted). The court further noted that "even if [plaintiff] herself were not present or were not the target of some of [her supervisor's] racial remarks, a jury plausibly could find that his persistently offensive conduct created an overall 'hostile or abusive environment,' which exacerbated the effect of the harassment [she] experienced individually." 202 F.3d at 571. Finally, the *Cruz* court noted that evidence of racial harassment could be used by a plaintiff to bolster a claim of sex-based hostile working environment, and vice versa: "Given the evidence of both race-based and sex-based hostility, a jury could find that [the employer's] racial harassment exacerbated the effect of his sexually threatening behavior and vice versa." 202 F.3d at 572.

Based upon the Second Circuit's decision in *Cruz*, the Court finds that plaintiff in the case at bar must be permitted to introduce evidence of racial and sexual discrimination against inmates and other employees at the Orleans Correctional Facility by defendants, in support of his claim for hostile work environment, since these other incidents of discrimination could reasonably have exacerbated the harassment which plaintiff personally experienced. Accordingly, the Court finds that the Decision and Order [# 137] striking certain allegations from the Amended Complaint must be modified as follows: Paragraphs 16 through 23, and paragraph 59, are reinstated as part of the Amended Complaint [# 62]. With regard to those portions of the Decision and Order [# 137] which struck other portions of the Amended Complaint, plaintiffs' motion for reconsideration was and is properly denied, since plaintiff has no standing to raise discrimination claims on behalf of other persons.

## CONCLUSION

Accordingly, the Decision & Order and Report & Recommendation [# 199] modified in part and affirmed in part. Paragraphs 16 through 23, and paragraph 59, are reinstated as part of the Amended Complaint [# 62]. The Decision & Order is affirmed in all other respects.

SO ORDERED.